UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ENCARCION ORTIZ,<br>Institutional ID No. 2192205<br><br>                   Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>                   Respondent. | No. 1:20-CV-00136-H |

## OPINION AND ORDER

Petitioner Encarcion Ortiz—a state prisoner proceeding pro se—seeks a federal writ of habeas corpus to challenge the legality of his 2018 Texas state felony conviction under 28 U.S.C. § 2254. (*See* Dkt. No. 1.) Respondent answers that the Court should dismiss Ortiz's petition because it is barred by the applicable statute of limitations. (*See* Dkt. Nos. 15, 16.) Alternatively, Respondent argues that the Court should deny Ortiz's petition on the merits. Ortiz did not file a reply.

As explained below, the Court concludes that the petition must be dismissed as untimely.

**1.    Background**

On July 12, 2018, Ortiz pled guilty to aggravated assault of a public servant and was sentenced to 25 years' imprisonment. (*See* Dkt. No. 15-2 at 4–5.) Ortiz did not file a direct appeal of his conviction. (*See* Dkt. No. 1 at 3.) On February 14, 2020, he filed a state application for a writ of habeas corpus, challenging the constitutionality of his conviction on the grounds that his guilty plea was involuntary and he received ineffective assistance of counsel. (*See* Dkt. No. 15-1 at 5–21.) On April 15, 2020, the Texas Court of Criminal

Appeals (TCCA) denied Ortiz's application without a hearing or written order. (*See* Dkt. Nos. 15–1 at 2.) On June 10, 2020,[1] Ortiz filed his federal petition, raising the same constitutional challenges that he raised in his state application.

2. **Discussion**

   A. **Statute of Limitations**

It is undisputed that Ortiz's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see* 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Id.* at § 2244(d)(2).

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ("[A] prisoner's habeas petition is filed for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

### B. Equitable Tolling

AEDPA's one-year limitation period can be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Equitable tolling is only available in cases presenting rare and exceptional circumstances and is not intended for those who sleep on their rights. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well-versed in the law. *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992). A mistaken interpretation of the law or lack of knowledge of filing deadlines are not "rare and exceptional circumstances" that justify equitable tolling. *See Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009); *see also Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

### 3. Analysis

Respondent argues that, under Section 2244(d)(1)(A), the limitation period began to run when Ortiz's judgment became "final." Ortiz does not disagree. Because Ortiz has failed to argue or demonstrate that Sections 2244(d)(1)(B), (C), or (D) apply, the Court concludes that Section 2244(d)(1)(A) governs the timeliness of his federal petition.

### A. Finality of Judgment

Under Section 2244(d)(1)(A), the limitation period begins to run on the date the judgment becomes final on direct review or when the time for seeking direct review expires. *See* 28 U.S.C. § 2244(d)(1)(A). Because Ortiz did not appeal his conviction, Texas Rule of Appellate Procedure 26.2(a)(1) determines when Ortiz's judgement became final under

3

Section 2244(d)(1)(A). *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (citing Tex. R. App. P. 26.2(a)). Under Rule 26.2(a)(1), a criminal defendant has 30 days after the day his sentence is imposed to file a notice of appeal. *Id.*

Here, the state trial court imposed Ortiz's sentence on July 12, 2018. Under Rule 26.2(a)(1), Ortiz's judgment became "final"—and the one-year limitation period began to run—thirty days afterward, on August 13, 2018. Thus, absent any statutory or equitable tolling, Ortiz had to file his federal petition one year later, by August 13, 2019.[2] But Ortiz filed his petition on June 10, 2020, almost ten months after the limitation period expired.

### B. Equitable Tolling

Although Ortiz does not explicitly argue that he is entitled to equitable tolling of the limitation period, he states that he "believe[es] that [his] rights have been pursued with diligence." (*See* Dkt. No. 1 at 9.) Assuming arguendo that Ortiz pursued his rights diligently, the Court concludes that Ortiz has failed to demonstrate that equitable tolling is warranted in this case. Ortiz does not even allege—much less demonstrate—that some extraordinary circumstance stood in his way and prevented him from timely filing his federal petition. And as previously noted, a petitioner's mistaken interpretation of the law or lack of knowledge of filing deadlines does not justify equitable tolling. *See Wion*, 567 F.3d at 149.

---

[2] Although a properly filed application for state-post conviction review may, in some instances, toll the limitation period, state applications filed after the expiration of the limitation period do not. *See Davis v. Stephens*, 555 F. App'x 324 (5th Cir. 2014) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)); *see also* 28 U.S.C. § 2244(d)(2). Because Ortiz filed his state application on February 14, 2020—six months after the limitation period expired—the Court concludes that the period during which it was pending before the TCCA does not toll the limitation period.

4

### 4. Conclusion

For the foregoing reasons, the Court concludes that Ortiz's 28 U.S.C. § 2254 petition was filed after the applicable one-year limitation period expired and should, therefore, be dismissed.

In addition, the Court concludes that Ortiz has failed to show that reasonable jurists would debate whether the Court's procedural ruling was correct and whether he has put forward a valid claim of a constitutional deprivation. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); *see also* 28 U.S.C. § 2253(c).

All relief not expressly granted is denied and any pending motions are denied. The Court will enter judgment accordingly.

So ordered.

Dated ~~February~~ March 7, 2022.

JAMES WESLEY HENDRIX
United States District Judge